**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

CISMAI HERNANDEZ and
JORGE HERNANDEZ on their own behalf and
on behalf of all others similarly situated,

    Plaintiffs,

v.

TOTOTLAN, INC., TOTOTLAN 2, INC.,
TOTOTLAN 3, INC., TOTOTLAN, LLC, and
MIGUEL TORO,

    Defendants.
_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**
_____

Plaintiffs, by and through undersigned counsel, file this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

**STATEMENT OF THE CASE**

1. Plaintiffs and those similarly situated are currently, or were formerly, employed by Defendants to work long hours for low wages at Defendants' Guadalajara Family Mexican Restaurants.

2. Defendants refused to pay their employees overtime wages for overtime hours worked and refused to provide their employees with rest periods as required by law.

3. Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* and the Colorado Minimum Wage Act (the "CMWA"), Colo. Rev. Stat. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the

"MWO"), 7 C.C.R. 1103-1(4).

4. Defendants violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5. Defendants violated the CMWA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday, and requires employers to provide their employees with compensated 10-minute rest periods during each 4-hour work period.

6. Plaintiffs seek compensation for Defendants' violations of the FLSA and CMWA on their own behalf and on behalf of all other similarly-situated employees of Defendants.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Cismai Hernandez was employed by Defendants from approximately 2012 through approximately 2017. Plaintiff Cismai Hernandez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

8. Plaintiff Jorge Hernandez was employed by Defendants from approximately 2012 through approximately 2016. Plaintiff Jorge Hernandez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 2.

9. Defendant Tototlan, Inc. is a registered Colorado corporation which does business under the trade name "Guadalajara Family Mexican Restaurant" and which has a principal street address of 1001 S. Abilene St., Aurora, CO 80012.

10. Defendant Tototlan 2, Inc. is a registered Colorado corporation which does business under the trade name "Guadalajara Family Mexican Restaurant" and which has a principal street address of 150 Wolfsenberger, Castle Rock, CO 80109.

11. Defendant Tototlan 3, Inc. is a registered Colorado corporation which does business under the trade name "Guadalajara Family Mexican Restaurant" and which has a principal street address of 800 E. Kiowa, Elizabeth, CO 80107.

12. Defendant Tototlan, LLC is a registered Colorado limited liability company with a principal street address of 800 E. Kiowa, Elizabeth, CO 80107.

13. Defendant Miguel Toro is an owner and manager of the Guadalajara Family Mexican Restaurants.

14. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

15. Plaintiffs request that this Court exercise supplemental jurisdiction over their claims under the CMWA pursuant to 28 U.S.C. § 1367.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

17. Plaintiffs and those similarly situated were employed by Defendants to work in the Guadalajara Family Mexican Restaurants.

18. Defendants refused to pay their employees overtime wages for hours worked beyond 40 each workweek and beyond 12 each workday.

19. For example, during his tenure of employment, and from at least July, 2015

through the end of his employment, Plaintiff C. Hernandez worked 6 days per week from 2:00 PM through 12:00 AM with no breaks for a total of 60 hours per week. Despite the fact that Plaintiff C. Hernandez was a non-exempt kitchen laborer who had no supervisory duties, who had no involvement in hiring or firing, and who spent the vast majority of his time cooking, preparing food, and washing dishes, Defendants paid Plaintiff C. Hernandez on a salary basis to avoid making overtime wage payments.

20.     Similarly, during his tenure of employment, and from at least July, 2015 through the end of his employment, Plaintiff J. Hernandez worked 6 days per week from 8:30 AM through 2:30 PM and again from 5:00 PM until 12:30 AM on Fridays and Saturdays and until 11:30 PM on weekdays, for an average total of 65 hours per week. Despite the fact that Plaintiff J. Hernandez was a non-exempt kitchen laborer who had no supervisory duties, who had no involvement in hiring or firing, and who spent the vast majority of his time cooking, preparing food, washing dishes and doing maintenance work, Defendants paid Plaintiff J. Hernandez on a salary basis to avoid making overtime wage payments.

21.     Defendants did not provide Plaintiff C. Hernandez, Plaintiff J. Hernandez or any of their other employees with 10-minute rest periods each 4-hour work period.

22.     Defendants willfully subjected all their employees to the same policy and practice of avoidance of overtime wage payments and refusal to provide breaks.

23.     At all times relevant to this action, Defendants employed persons, including Plaintiffs and the members of the Class they seek to represent, within the State of Colorado.

24.     At all times relevant to this action, Plaintiffs and all others similarly situated

performed restaurant labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiffs and others were to perform.

25. Each year relevant to this action, Plaintiffs and the members of the Class they seek to represent handled foodstuffs, cleaning materials, and other materials which moved in interstate commerce.

26. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

27. Defendant Miguel Toro, at all material times, exercised operational control and/or financial control over the Guadalajara Family Mexican Restaurant enterprise and exercised control over the terms and conditions of employment of the Guadalajara Family Mexican Restaurants' employees. For example, Defendant Toro directed his employees as to their job duties, decided how much his employees would be paid, made all important financial decisions regarding the enterprise, and participated in the decision to avoid paying overtime wages and to deprive his employees of rest periods.

## RULE 23 CLASS ALLEGATIONS

28. Plaintiffs assert their First Claim, brought under the CMWA, as implemented by the MWO, as a Fed. R. Civ. P. 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

29. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "Rule 23 Class" as follows:

> All employees who worked at a Guadalajara Family Mexican Restaurant on or after July 12, 2016.

30. This action is properly brought as a class action for the following reasons.

31. Upon information and belief, all of Defendants' hourly employees were subject to Defendants' common policy of refusing to pay overtime wages for overtime hours worked and refusing to provide 10-minute breaks each 4-hour work period.

32. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiffs believe and allege that the number of Class Members is in the 100-150 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

33. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: whether Defendants failed to pay their employees overtime wages for all hours worked beyond forty each workweek, whether Defendants failed to pay their employees overtime wages for all hours worked beyond twelve each workday, and whether Defendants failed to provide their employees with 10-minute rest periods each 4-hour work period.

34. The claims asserted by Plaintiffs are typical of the claims of all of the Class Members. This is an uncomplicated case of employers avoiding their duty to pay overtime and failing to give rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendants' overtime and rest period practices were unlawful as applied to the representative Plaintiffs, they were unlawful as applied to the absent members of the putative class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

36. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

37. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

38. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

39. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually very similar and legally identical to Plaintiffs'. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

40. Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

41. Plaintiffs are aware of no pending litigation commenced by members of the Class concerning the instant controversy.

42. It is desirable to concentrate this litigation in this forum because all claims arose in this Judicial District.

43. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

44. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs bring their Second Claim, brought pursuant to the FLSA, as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

> All employees who worked at a Guadalajara Family Mexican Restaurant on or after July 12, 2015.

46. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the

8

FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

47. All potential 216(b) Class Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of refusing to pay overtime wages.

### FIRST CLAIM – Failure to Pay Overtime Premiums and Failure to Provide Rest Breaks
### Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq*.) as implemented by the MWO (7 CCR 1103-1)

48. Plaintiffs repeat and re-allege each of the above allegations as if fully set forth herein.

49. Plaintiffs assert this count on their own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

50. Plaintiffs assert this count against Defendants Tototlan, Inc., Tototlan 2, Inc., Tototlan 3, Inc., and Tototlan, LLC. (the "corporate Defendants").

51. The corporate Defendants were Plaintiffs' and others' "employers" as that term is defined by the MWO because they employed Plaintiffs and others in Colorado. 7 C.C.R. 1103-1(2).

52. Plaintiffs and others were the corporate Defendants' "employees" as that term is defined by the MWO because they performed labor for the benefit of the corporate Defendants in which the corporate Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

53. The corporate Defendants employed Plaintiffs and others in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the MWO. 7 C.C.R.

9

1103-1(2)(C).

54. The corporate Defendants violated the CMWA, as implemented by the MWO, when they failed to pay Plaintiffs and others for all hours worked and failed to pay Plaintiffs and others overtime premiums for hours worked over forty in each given workweek and for hours worked over twelve in any given workday.  7 CCR 1103-1(4).

55. The corporate Defendants violated the CMWA, as implemented by the MWO, when they failed to provide Plaintiffs and others with 10-minute rest periods in each 4-hour work period.  7 CCR 1103-1(8).

56. As a result, Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

57. Plaintiffs and others are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit.  Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

58. Plaintiffs repeat and re-allege each of the allegations above as if fully set forth herein.

59. Plaintiffs assert this count against all Defendants.

60. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

61. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

62. Defendants "employed" Plaintiffs and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

63. Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

64. Defendants violated the FLSA when they refused to pay Plaintiffs and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

65. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

66. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

67. Plaintiffs and others are entitled to recover unpaid overtime premiums liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs pray:

As to their FIRST CLAIM brought under the CMWA as implemented by the MWO, Plaintiffs respectfully request an Order from the Court that:

  a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

  b. Plaintiffs be certified as the class representatives of the Rule 23 Class;

  c. Undersigned counsel be appointed Rule 23 class counsel;

  d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

  e. Plaintiffs and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

  f. Plaintiffs be awarded service awards in recognition of their work as representatives of the Rule 23 Class;

  g. Plaintiffs and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to their SECOND CLAIM claim brought under the FLSA, Plaintiffs respectfully request an Order from the Court that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential collective action members;

b. Plaintiffs and the members of the 216(b) Collective be awarded unpaid overtime premiums;

c. Plaintiffs and the members of the 216(b) Collective be awarded liquidated damages as required by law;

d. Plaintiffs and the members of the 216(b) Collective be awarded pre-judgment and post-judgment interest as permitted by law;

e. Plaintiffs and the members of the 216(b) Collective be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f. Plaintiffs and the members of the 216(b) Collective be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
Brandt Milstein
Milstein Law Office
1123 Spruce Street
Boulder, CO 80302
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiffs*